# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Chadwick Deon Anderson, ) | |
| ) | Civil Action No.: 1:17-02233-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden, Perry Corr. Inst., ) | |
| ) | |
| Respondent. ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 23), recommending that the court grant Respondent's Motion for Summary Judgment (ECF No. 15). For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 23).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 23) is accurate, and the court adopts this summary as its own. The court will only cite herein procedures pertinent to the court's review of the Report (ECF No. 23). On February 14, 2018, Magistrate Judge Shiva V. Hodges filed the Report (ECF No. 23). Petitioner timely filed an Objection (ECF No. 30) after receiving an Extension of Time to File (ECF No. 28). Respondent then filed a Response to Petitioner's Objections to Magistrate Judge's Report. (ECF No. 31.)

## II. LEGAL STANDARD

A. Report and Recommendation Legal Standard

The Magistrate Judge's Report was made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge only

1

makes a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instruction. 28 U.S.C. § 636(b)(1).

B. <u>Habeas Corpus Standard of Review</u>

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III. ANALYSIS

Petitioner alleges he received ineffective assistance of counsel due to his attorney deliberately entertaining a conflict of interest. When evaluating ineffective assistance of counsel

claims, a court must recognize a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). This high standard requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Id.* at 687.

A. Application of *Strickland*

In his objections, Petitioner generally restates the argument from his Petition that his plea counsel was ineffective due to a conflict of interest, and that the state court and the Magistrate Judge erred in failing to find Petitioner was entitled to relief under *Strickland*. (ECF No. 30 at 3.)

As stated above, a federal habeas court can only issue a writ when a state court has unreasonably applied federal law. *See Williams,* 529 U.S. at 410. In evaluating an ineffective assistance of counsel claim with a habeas petition, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. "Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Id.* at 102 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). Additionally, the United States Supreme Court has cautioned that "[s]urmounting *Strickland's* high bar is never an easy task." *Harrington*, 562 U.S. at 88 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). The unreasonableness of the state court determination must be "beyond any possibility of fair-minded disagreement." *Id.* at 103. Lastly, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980).

3

The Post Conviction Relief ("PCR") court found that there was no conflict of interest, therefore, the court's only duty is to determine the reasonableness of the PCR court's decision. (ECF No. 23 at 20.) Petitioner's evidence in regard to his lawyer's performance being adversely affected is that Petitioner and his co-defendant received identical sentences despite having different charges.[1] However, Petitioner has not provided any evidence that the PCR court's decision was unreasonable or that the PCR court's determination of the facts in light of the evidence was unreasonable. Therefore, Petitioner has not carried his burden of establishing the PCR.

B. Presumption of Prejudice Standard under *Holloway*

Petitioner asserts the Magistrate Judge failed to apply the presumption of prejudice standard established in *Holloway v. Arkansas*, 435 U.S. 475 (1978). (ECF No. 30 at 2.)

Petitioner misunderstands *Holloway's* holding and enlarges the holding outside of its applicable scope. *Holloway* dealt with a specific circumstance, not present here, in which a trial court failed to inquire into a potential conflict of interest despite defense counsel's notice to the court regarding the potential conflict. *See id.* In *Holloway*, the trial court required one defense attorney to represent three co-defendants in a joint trial despite repeated objections by defense counsel that the joint representation hampered his ability to represent any of the defendants adequately. *See id.* at 477-78. Notably, counsel could not cross-examine any of the defendants from whom he had confidential information. *See id.* at 478-80. The *Holloway* trial court declined to inquire into prejudice arising from the conflicted representation and all three defendants were convicted as a result of counsel not being about to represent them effectively. *Id.*

---

[1] Petitioner pleaded guilty to six counts of armed robbery and two counts of accessory after the fact and his co-defendant pleaded guilty to eight counts of armed robbery.

4

In *Holloway*, the United States Supreme Court stated: "[a]n attorney representing two defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial." *Id.* at 485 (quoting *State v. Davis*, 514 P.2d 1025, 1027 (Ariz. 1973)). Simply because the attorney is in the "best" position to determine if a conflict exists does not mean that he is the only person who can bring a conflict to the court's attention.

Plea counsel testified that he discussed the potential conflict with Petitioner and his co-defendant.[2] (ECF No. 23 at 19.) Because plea counsel discussed the conflict with Petitioner, Petitioner had knowledge of the potential conflict and the ability to bring the potential conflict to the state court's attention at his plea hearing. However, Petitioner chose not to do so and proceeded to plead guilty.

Upon review of *Holloway*, the court determines that the phrasing Petitioner uses from *Holloway* has been taken out of context and is not applicable in this case.[3] Because *Holloway* is not applicable, the PCR court did not unreasonably apply federal law. This court previously stated that *Strickland* is applicable to this Petition and Petitioner has failed to meet the standard required by *Strickland* and 28 U.S.C. § 2254 because Petitioner has provided no evidence that the PCR court's decision was unreasonable.

---

[2] The PCR court found credible plea counsel's testimony that he advised Petitioner of the potential conflict of interest. When reviewing the PCR court's findings, this court cannot make credibility determinations, and therefore, must take the PCR court's determination as fact. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); 28 U.S.C. 2254(e)(1).

[3] Petitioner claimed his case was distinguishable from *Holloway* "since [his] plea counsel] failed to bring [the potential conflict] to the court's attention and let the court take the proper steps to ensure there was no conflict." (ECF No. 30 at 2) (referencing *Holloway*, 435 U.S. at 485-86).

C. Guilty Plea Objection

Petitioner objects that he should not have been allowed to plead guilty absent an on-the-record waiver of the conflict of interest. (ECF No. 30 at 2-3.)

When reviewing the PCR court's findings, this court cannot make credibility determinations, and therefore, must take the PCR court's determination as fact. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). The PCR court found plea counsel's testimony that he informed Petitioner of the conflict of interest to be credible. (ECF No. 23 at 20.) Still, Petitioner chose to plead guilty despite knowing of the conflict. Finally, the case law Petitioner cites, *Ferguson v. Georgia*, 365 U.S. 570, 602 (1961), concerns a defendant's right to testify, a right Petitioner expressly waived by pleading guilty.

Petitioner has not presented any evidence that the PCR court unreasonably applied *Strickland* or other United States Supreme Court precedent in deciding Petitioner's ineffective assistance of counsel claim. Petitioner has not provided sufficient evidence that he was prejudiced by this alleged conflict of interest, and moreover, he did not contest his plea counsel's representation at the plea hearing. Accordingly, Petitioner has failed to overcome the deferential standard of review afforded to the state PCR court's determination that there was no conflict of interest.

## IV. CONCLUSION

After a thorough review of the Report and the record, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. The court **ACCEPTS** the findings of the Report. (ECF No. 23.) Therefore, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 22) and **DENIES WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only of the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28. U.S.C § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wring and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 20, 2018

Columbia, South Carolina